IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| **SECONDARY SALES, LLC,**<br><br>　　　　　　　　　**Plaintiffs,**<br>v.<br><br>**USA TRUCK, INC., a Delaware Corporation; DOES I-X;**<br><br>　　　　　　　　　**Defendants.** | **MEMORANDUM DECISION AND ORDER**<br><br>Case No.  2:15cv130DAK |

　　　　This matter is before the court on Defendant's Motion to Dismiss for lack of jurisdiction and improper venue pursuant to Rule 12(b)(2) and (3) of the Federal Rules of Civil Procedure. The court has carefully reviewed the written memoranda submitted by the parties.  Pursuant to local rule 7-1(f), the court has concluded that oral argument would not be helpful or necessary, and thus the court will determine the motion on the basis of the written memoranda.  *See* DUCivR 7-1(f).

　　　　Having fully considered the motions, memoranda, and exhibits submitted by the parties and the facts and law relevant to this motion, the court enters the following Memorandum Decision and Order.

### BACKGROUND

　　　　Plaintiff Secondary Sales LLC ("Secondary Sales") is a Utah limited liability company with its principal place of business in Salt Lake City, Utah. Defendant USA Truck Inc. (USA Truck) is a Delaware corporation with its principal place of business in

Crawford County, Arkansas. At some time in or about April 2013, Secondary Sales purchased six semi-trucks from USA Truck. On April 5, USA Truck sent Secondary Sales a document titled "Terms and Conditions of Sale of Used Equipment" (the "Proposed Agreement"). The Proposed Agreement contained a forum selection clause providing that "[t]he parties hereby consent to the jurisdiction of the courts of Crawford County, Arkansas for any action or judicial proceeding relating in any way to this agreement, or the breach thereof." Secondary Sales contends that it did not sign the Proposed Agreement and that it expressly rejected many of the terms contained in the Proposed Agreement. Secondary Sales also claims that negotiations continued after this date.

Ultimately, payment was made and the trucks were delivered. Secondary Sales, however, alleges that the trucks were not in the condition and of the quality represented by Defendant. Accordingly, Secondary Sales filed the instant action, alleging causes of action for breach of contract, breach of covenant of good faith and fair dealing, unjust enrichment, negligent or intentional misrepresentation, and fraud in connection with the condition of the trucks. Defendant responded by filing the motion to dismiss for lack of jurisdiction and improper venue, based on the forum selection clause in the Proposed Agreement.

## DISCUSSION

Defendant seeks to enforce the forum selection clause pursuant to Federal Rules of Civil Procedure 12(b)(2) and (3).[1] A forum selection clause is not enforceable if it is

---

[1] At this point in the litigation, it is far from clear that the Proposed Agreement—in which the forum selection clause is found—is an enforceable contract. Because the court finds that the forum selection clause would not compel dismissal of this action in any event, as discussed below, the court has assumed for purposes of this motion only that the Proposed Agreement is enforceable.

permissive. *See Waste Servs., LLC v. Red Oak Sanitation, Inc.,* No. 2:08CV417DS, 2008 WL 2856459, at *1 (D. Utah July 23, 2008))("Where a forum selection clause is determined to be permissive rather than mandatory, the 10th Circuit has ruled that such forum selection clauses are not enforceable.").

A forum selection clause can be "classified as either mandatory or permissive." *Excell, Inc. v. Sterling Boiler & Mech., Inc.*, 106 F.3d 318, 321 (10th Cir. 1997). "A mandatory forum selection clause requires that all litigation between the parties be conducted in the named forum and nowhere else." *Utah Pizza Serv., Inc. v. Heigel*, 784 F. Supp. 835, 837 (D. Utah 1992). In contrast, a permissive clause "empowers the named forum with jurisdiction without making that jurisdiction exclusive." *Id*.

A court determines whether a forum selection clause is mandatory or permissive through "'an analysis of the language and an application of the principles of contract interpretation.'" *Milk 'N' More, Inc. v. Beavert*, 963 F.2d 1342, 1345 (10th Cir. 1992)(quoting *Hunt Wesson Foods, Inc. v. Supreme Oil Co.*, 817 F.2d 75, 77 (9th Cir. 1987)). Mandatory forum selection clauses "contain language that is exclusive, using such terms as 'only,' 'sole,' or 'exclusive.'" *Waste Servs.,* No. 2:08CV417DS, 2008 WL 2856459, at *1. Permissive forum clauses, on the other hand, contain language that "give[s] a court jurisdiction without clearly making that jurisdiction exclusive." *Utah Pizza Service,* 784 F. Supp. 835 at 838 (alteration in original). The language of a permissive clause "authorizes jurisdiction in a designated forum, but does not prohibit litigation elsewhere." *Daley v. Gulf Stream Coach, Inc.*, No. 2:99CV534C, 2000 WL 33710836, at *2 (D. Utah Mar. 3, 2000).

The forum selection clause in this case is clearly permissive. The clause states that "the parties hereby consent to the jurisdiction of the courts of Crawford County, Arkansas . . . ," but the clause does not contain language prohibiting litigation elsewhere. The clause in this case has essentially the same meaning as the language of the forum selection clause found to be permissive in *Utah Pizza Service*, which allowed parties to "submit" to jurisdiction in the designated forum without including any other words to indicate that jurisdiction was exclusive. *Utah Pizza Service*, 784 F. Supp. 835 at 838. Accordingly, the Defendant's Motion to Dismiss for lack of jurisdiction and improper venue is denied.

## CONCLUSION

Based on the above reasoning, it is hereby ORDERED that USA Truck's Motion to Dismiss [Docket No. 4] is DENIED.

DATED this 4th day of June, 2015.

BY THE COURT:

_____
DALE A. KIMBALL,
United Sates District Judge